# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CARLOTZ, INC. SECURITIES LITIGATION | Lead Case No. 1:21-cv-05906-RA |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this Notice of Supplemental Authority in connection with their Motion to Dismiss the Second Amended Complaint (ECF 67) concerning recent developments in *Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, No. 21-cv-1076 ("*Frutarom*"), previously pending before the United States Court of Appeals for the Second Circuit. On September 30, 2022, the Second Circuit held in *Frutarom* that an acquiror's stockholders who did not own stock in the target lacked standing under Section 10(b) of the Exchange Act to sue the target for "alleged misstatements the target company made about itself prior to the merger . . . ." Slip Op. at 11.[1] *Frutarom* was the subject of prior briefing in this action, including Defendants' reply in further support of their motion to dismiss (ECF 74) and a sur-reply by Plaintiffs (ECF 80).

On November 30, 2022, following Plaintiffs' sur-reply, the Second Circuit amended its September 30 decision holding that, under Section 10(b), investors of an acquiror lack standing to sue a merger target for alleged misstatements made "*about* [the target]" unless those investors were stockholders of the target. *Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 54 F.4th 82, 84 (2d Cir. 2022) (emphasis added).[2] The Second Circuit reiterated that Section 10(b) standing "entails a 'formal' and not a 'functional' inquiry" to avoid "endless case-by-case erosion" of the bright line purchaser-seller rule. *Id.* at 87 (citation omitted).

---

[1] Although previously reported at 49 F.4th 790 and 2022 WL 4587488, the September 30, 2022 decision has been withdrawn from these reporters following its amendment on November 30, 2022, as described herein.

[2] The Second Circuit's November 30, 2022 amended decision is attached hereto as Ex. 1, and a redline comparing that decision with the panel's September 30, 2022 decision is also attached hereto as Ex. 2.

On January 4, 2023, the Second Circuit denied appellants' petition for panel rehearing or, in the alternative, for rehearing *en banc*. (*See* Ex. 3.) Accordingly, under the Second Circuit's amended decision in *Frutarom*, Plaintiffs lack standing to assert a Section 10(b) claim as to any alleged pre-Merger misstatement *about* CarLotz since they were not stockholders of CarLotz during that period. *See* Br. (ECF 68) at 16; Opp'n (ECF 70) at 17 & n.12; Reply (ECF 74) at 3-4.[3]

Dated: New York, New York
January 18, 2023

Respectfully submitted,

*/s/ Mary Eaton*
Mary Eaton
Nicholas A. Caselli
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10022
Telephone: (212) 277-4000
mary.eaton@freshfields.com
nicholas.caselli@freshfields.com

*Counsel for Defendants CarLotz, Inc. (now known as CarLotz Group, Inc., and successor to Acamar Partners Sub, Inc. by merger), Acamar Partners Acquisition Corp. (now known as CarLotz, Inc.),[4] Michael W. Bor, Rebecca Polak, and Thomas W. Stoltz*

*/s/ Stephen P. Blake**
*Signature used with permission pursuant to S.D.N.Y. ECF Rule 8.5
Stephen P. Blake
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5153
sblake@stblaw.com

*Counsel for Defendants Acamar Partners Sponsor I LLC,*

---

[3] The alleged misstatements and omissions barred by *Frutarom* are those at ¶¶ 111, 114, 116, 118-21, 123, 126, 128, 130, 132, 134, 136, 138, 140, 142-43, 145, 147, 150, 152, 155, 157, 159, 161, 163, 166, 168, 170, 172.

[4] On December 9, 2022, CarLotz, Inc. was acquired by Shift Technologies, Inc.

*Luis Ignacio Solorzano Aizpuru, Juan Carlos Torres Carretero, James E. Skinner, Domenico De Sole, and Teck H. Wong*

3