UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CARLOTZ, INC. SECURITIES LITIGATION | 21-cv-5906 (AS) <br><br> ORDER |

ARUN SUBRAMANIAN, United States District Judge:

On October 11, 2023, CarLotz, Inc. submitted a letter, notifying the Court that it had filed a chapter 11 petition and suggesting an automatic stay. Dkt. 106. This Court endorsed the letter, explaining that the case would be stayed pursuant to § 362 of the Bankruptcy Code. Dkt. 107. At the end of October, plaintiffs moved to partially lift the bankruptcy stay as to the individual defendants. Dkt. 108. The individual defendants opposed lifting the stay.

The Court agrees that the stay should be lifted. "The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 288 (2d Cir. 2003). This is not the case here. The defendants are correct that some courts have applied the automatic stay to non-debtors where the debtor had an absolute obligation to indemnify the non-debtors. *See, e.g.*, *Mardice v. Ebony Media Operations, LLC*, 2021 WL 146358, at *3 (S.D.N.Y. Jan. 15, 2021); *Tenas-Reynard v. Palermo Taxi Inc.*, 2016 WL 1276451, at *4 (S.D.N.Y. Mar. 30, 2016). And defendants point to indemnification provisions in the relevant contracts. But as plaintiffs point out, there is authority suggesting that these indemnification provisions may be unenforceable as to the relevant claims. *See Cohen v. Viray*, 622 F.3d 188, 195–96 (2d Cir. 2010). And "[t]he mere possibility of a future indemnification claim will not support application of the automatic stay." *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 564 B.R. 192, 195 (S.D.N.Y. 2016).

Nor does the Court find it proper to invoke its discretionary authority to stay the proceedings here. This action has now been pending for over two years. As plaintiffs point out, discovery is already stayed pursuant to the PSLRA. And at the time the Court stayed this case pursuant to § 362, half of the time allotted for defendants to file their reply brief had already elapsed. Proceeding with the motion to dismiss will require only minor additional resources from defendants. While the Court would normally grant far less time for a reply brief, given the stay of the case as well as the holiday season, **defendants are given until January 3, 2024 to submit their reply brief.**

The Clerk of Court is directed to terminate Dkt. 108 and to lift the stay as to defendants Michael Bor, Thomas Stoltz, Rebecca Polak, Luis Ignacio Solorzano Aizpuru, Juan Carlos Torres Carretero, James Skinner, Dominico De Sole, and Teck Wong.

SO ORDERED.

Dated: December 14, 2023
New York, New York

ARUN SUBRAMANIAN
United States District Judge