**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CARLOTZ, INC. SECURITIES LITIGATION | Lead Case No. 1:21-cv-05906-AS |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement is entered into this 24th day of January, 2025 by (1) Lead Plaintiff David Berger, on behalf of himself and the Settlement Class; (2) Defendants Michael W. Bor, Thomas W. Stoltz, and Luis Ignacio Solorzano Aizpuru; and (3) Arch & Beam Global, LLC, as Trustee of the Shift Technologies Liquidating Trust, successor to Shift Technologies, Inc. and certain of its affiliates, including Defendant CarLotz, Inc. Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended by the Parties to fully, finally, and forever compromise, settle, release, resolve all Released Claims, and to dismiss with prejudice this Action and all claims asserted therein against the Defendants.[1]

**WHEREAS**:

A.      On July 8, 2021, this Action was filed in the United States District Court for Southern District of New York (the "Court") as a putative class action. ECF No. 1. The Action was assigned to the Honorable Ronnie Abrams.

B.      On August 31, 2021, the Court consolidated two related actions (*Widuck v. CarLotz, Inc., et al.*, No. 1:21-cv-06191-RA, and *Turk v. CarLotz, Inc., et al.*, No. 1:21-cv-06627-RA) with and into the Action.

---

[1] Capitalized terms are defined below in the Definitions section below.

C.      By Order dated October 15, 2021, the Court appointed David Berger as Lead Plaintiff and approved his selection of Kahn Swick & Foti, LLC as Lead Counsel for the putative class. ECF No. 40.

D.      On December 14, 2021, Lead Plaintiff Berger, along with Additional Plaintiff Craig Bailey, filed their Amended Complaint asserting claims against CarLotz, Michael W. Bor, Thomas W. Stoltz, Rebecca Polak, Acamar, Acamar Partners Sponsor I LLC, Acamar Partners Sub, Inc., Luis Ignacio Solorzano Aizpuru, Juan Carlos Torres Carretero, James E. Skinner, Domenico De Sole, and Teck H. Wong for violations of Sections 10(b), 14(a) and 20(a) of the Securities Exchange Act of 1934 and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933. ECF No. 47. Among other things, the Amended Complaint alleged that between October 22, 2020, and May 26, 2021, CarLotz, a purported consignment-to-retail used car marketplace that went public on January 21, 2021, after merging with special purpose acquisition company Acamar, and certain executives of CarLotz or Acamar made materially false and misleading statements regarding key aspects of CarLotz's business, operations, and financial results. The Amended Complaint further alleged that, when Defendants' alleged misstatements and omissions were supposedly partially revealed on March 15, 2021 and May 10, 2021, and fully revealed on May 26, 2021, the Company's share price declined.

E.      On March 4, 2022, after meeting and conferring with counsel for Defendants, Plaintiffs filed a Second Amended Complaint, which, among other revisions, dropped the Section 14(a) claim. ECF No. 54.

F.      On June 21, 2022, Defendants jointly moved to dismiss the Second Amended Complaint. ECF No. 67.

G.     On August 22, 2022, Plaintiffs filed their opposition to Defendants' motion to dismiss the Second Amended Complaint. ECF No. 70. On October 20, 2022, Defendants filed their reply papers. ECF No. 74. On November 8, 2022, Plaintiffs filed a sur-reply to address the then-recent Second Circuit decision in *Menora Mivtachim Ins. Ltd. v. Frutarom Indus.*, 54 F.4th 82 (2d Cir. 2022) ("*Frutarom*"). ECF No. 80. On January 18, 2023, Defendants filed a Notice of Supplemental Authority regarding the Second Circuit's November 30, 2022 amended decision in *Frutarom* and its January 4, 2023 denial of rehearing *en banc*. ECF No. 82.

H.     On December 9, 2022, CarLotz, Inc. was acquired by Shift Technologies, Inc., with CarLotz, Inc. (renamed CarLotz Group, Inc.) surviving as a wholly-owned subsidiary of the acquiror. *See* CarLotz Form 8-K (Dec. 9, 2022), at 1.

I.     The Court held oral argument on Defendants' motion to dismiss the Second Amended Complaint on March 28, 2023.

J.     On March 31, 2023, the Court issued an Opinion and Order granting Defendants' motion to dismiss the Second Amended Complaint without prejudice. ECF No. 87. The Court held that Plaintiffs did not have standing to pursue Section 10(b) claims for pre-merger statements about pre-merger CarLotz under the Second Circuit's decision in *Frutarom*. *See* ECF No. 87 at 9-10 & n.4. The Court did not reach the merits of the Section 10(b) or 20(a) claims. *Id.* at 10-11. The Court also dismissed Plaintiffs' Sections 11, 12(a)(2), and 15 claims on traceability and standing grounds, since neither Mr. Berger nor Mr. Bailey adequately alleged that he had purchased or otherwise acquired shares traceable to the challenged de-SPAC offering, as required by Section 11, or in an initial public offering, as required by Section 12(a)(2), but granted limited leave to amend. *Id.* at 11-16.

K.      Plaintiffs filed the Third Amended Complaint on May 1, 2023 against CarLotz, Acamar, Acamar Partners Sponsor I LLC, Luis Ignacio Solorzano Aizpuru, Michael W. Bor, Thomas W. Stoltz, Rebecca Polak, Juan Carlos Torres Carretero, James E. Skinner, Domenico De Sole, and Teck H. Wong, asserting Exchange Act Sections 10(b) and 20(a) claims and Securities Act Sections 11, 12(a)(2), and 15 claims. ECF No. 90. Plaintiffs' Third Amended Complaint did not name Acamar Partners Sub, Inc. as a defendant and did not purport to state any claims against it.

L.      On July 18, 2023, Defendants filed a joint motion to dismiss the Third Amended Complaint, along with a joint motion to strike certain allegations in the Third Amended Complaint. ECF Nos. 95, 98.

M.      On August 25, 2023, the Action was reassigned to the Honorable Arun Subramanian.

N.      On September 25, 2023, Plaintiffs filed an omnibus memorandum of law in opposition to Defendants' motion to dismiss the Third Amended Complaint and Defendants' motion to strike. ECF No. 101.

O.      On October 9, 2023, CarLotz filed a voluntary petition under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California as part of the Shift Debtors' Bankruptcy Cases. *See* ECF No. 106; *In re Shift Technologies, Inc.*, No. 23-30687-HLB (Bankr. N.D. Cal.).

P.      On October 11, 2023, CarLotz filed a Notice of Bankruptcy and Suggestion of Automatic Stay in the Action, and the Court stayed the case. ECF Nos. 106-07.

Q.      On October 20, 2023, Plaintiffs filed a motion to partially lift the bankruptcy stay as to defendants Michael W. Bor, Thomas W. Stoltz, Luis Ignacio Solorzano Aizpuru, Rebecca

Polak, Juan Carlos Torres Carretero, James E. Skinner, Domenico De Sole, and Teck H. Wong. ECF No. 108. Those individual defendants filed their brief in opposition to Plaintiffs' motion to partially lift the bankruptcy stay on November 10, 2023. ECF No. 119. Plaintiffs filed a reply on November 16, 2023. ECF No. 121.

R.    On December 14, 2023, the Court granted Plaintiffs' motion and partially lifted the stay as to Michael W. Bor, Thomas W. Stoltz, Luis Ignacio Solorzano Aizpuru, Rebecca Polak, Juan Carlos Torres Carretero, James E. Skinner, Domenico De Sole, and Teck H. Wong. ECF No. 125. Thereafter, the litigation proceeded as to those Defendants only.

S.    Those individual defendants filed their joint reply briefs in further support of their motion to dismiss the Complaint and motion to strike on January 3, 2024. ECF Nos. 126, 128.

T.    On March 7, 2024, the Court held a hearing on Defendants' motion to dismiss the Third Amended Complaint and motion to strike.

U.    On March 29, 2024, the Court issued an order granting in part, and denying in part, Defendants' motion to dismiss, and denying Defendants' motion to strike. ECF No. 145. Among other things, the Court did not dismiss Plaintiff's Section 10(b) claims based on certain alleged misstatements regarding CarLotz's corporate sourcing partners, reconditioning costs, business model, and unit economics for the period January 21, 2021 through May 26, 2021, against Defendants Bor, Stoltz, and Solorzano and Plaintiff's Section 20(a) control person claim against Defendant Bor. The Court dismissed all remaining claims, including Plaintiffs' Section 10(b) claims based on alleged misstatements and/or omissions from October 22, 2020 through January 20, 2021, all claims under the Securities Act, all claims against Defendants Juan Carlos Torres Carretero, James E. Skinner, Domenico De Sole, Teck H. Wong, and Rebecca Polak, and control-person liability claims against Defendants Thomas W. Stoltz and Luis Ignacio Solorzano Aizpuru.

In its order, the Court permitted an additional motion to dismiss exclusively to address Plaintiffs' scheme-liability claims under Section 10(b) of the Exchange Act. Given this order and the bankruptcy stay, the litigation thus proceeded only as to the Individual Defendants.

V.      The Individual Defendants filed a motion to dismiss the scheme liability claims of the Third Amended Complaint on April 10, 2024, pursuant to the Court's March 29, 2024, order. ECF No. 147.

W.      Plaintiffs filed their opposition on April 24, 2024, and the Individual Defendants filed their reply brief on May 1, 2024. ECF Nos. 150-51.

X.      The Court granted the Individual Defendants' motion to dismiss the scheme liability claims of the Third Amended Complaint on August 23, 2024. ECF No. 155.

Y.      On August 29, 2024, the Court entered a Case Management Plan and Scheduling Order, which set the deadline for all discovery to be completed by May 30, 2025. ECF No. 160.

Z.      On September 5, 2024, the Court entered a Scheduling Order for Plaintiffs' Motion for Class Certification, requiring Plaintiffs' class certification opening brief and expert report(s) to be filed by November 29, 2024. ECF No. 164.

AA.     Plaintiff and the Individual Defendants exchanged Initial Disclosures and propounded their first sets of requests for production on September 20, 2024.

BB.     On September 26, 2024, the Bankruptcy Court in the Shift Debtors' Bankruptcy Cases approved the Shift Debtors' liquidation plan and issued a permanent injunction prohibiting actions against any of the Shift Debtors and limiting their remedies to enforcement of rights provided to claimants as provided in the plan. *See* ECF No. 172 (citing Order, *In re Shift Technologies, Inc. et al.*, No. 23-30687-HLB (N.D. Cal. Bankr. Sept. 26, 2024), ECF No. 816).

CC.     On September 27, 2024, the Individual Defendants answered the Complaint. ECF No. 165.

DD.     Between September 24 and October 1, 2024, Plaintiff served document subpoenas on 17 non-parties. One of those 17 non-parties produced documents responsive to the subpoena on October 14, 2024.

EE.     On October 15, 2024, Plaintiff and the Individual Defendants participated in a full-day, in-person mediation session before Jed Melnick, Esq., of JAMS in New York, New York. The mediation session was not successful.

FF.     Thereafter, discovery continued. Plaintiff and the Individual Defendants served their responses and objections to the requests for production on October 28, 2024, and on October 30, 2024, Plaintiff propounded his first set of interrogatories to the Individual Defendants.

GG.     Between October 24 and October 30, 2024, three additional non-parties produced documents responsive to the subpoenas.

HH.     While pursuing discovery, Plaintiff and the Individual Defendants also continued settlement discussions, culminating in an offer that was ultimately accepted by the Parties. The Parties informed the Court of their agreement in principle to settle the Action on November 23, 2204. ECF No. 170.

II.     The Parties memorialized the settlement in a confidential Term Sheet executed on December 6, 2024. The Parties informed the Court of the executed Term Sheet on December 9, 2024.

JJ.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

KK.    Based upon their investigation, prosecution, and mediation of the case, Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiff and the other members of the Settlement Class, and in their best interests. Based on Plaintiff's direct oversight of the prosecution of the Action and with the advice of his counsel, Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

LL.    The Individual Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. The Individual Defendants deny that they, or any of the other Defendants, engaged in any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. The Individual Defendants expressly deny that Plaintiffs have asserted any valid claims as to any of them or as to any of the other Defendants, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among Plaintiff (individually and on behalf of all other members of the Settlement Class) and the Individual Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Claims shall be settled, compromised, released, and dismissed with prejudice, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following terms shall have the following meanings:

(a)    "Acamar" means Acamar Partners Acquisition Corp.

(b)    "Acamar Defendants" means Acamar, Acamar Partners Sponsor I LLC, Acamar Partners Merger Sub, Inc., Luis Ignacio Solorzano Aizpuru, Juan Carlos Torres Carretero, James E. Skinner, Domenico De Sole, and Teck H. Wong.

(c)    "Acamar Securities" means the securities of Acamar.

(d)    "Action" means the putative securities class action in the matter styled, *In re CarLotz, Inc. Securities Litigation*, No. 1:21-cv-05906-AS (S.D.N.Y.).

(e)    "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(f)    "Authorized Claimant" means a Settlement Class Member who submits a Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(g)     "CarLotz" means Defendant CarLotz, Inc., f/k/a Acamar, or CarLotz Group, Inc., f/k/a CarLotz, Inc., as the case may be.

(h)     "CarLotz Defendants" means CarLotz, Rebecca Polak, Thomas W. Stoltz, Michael W. Bor.

(i)     "CarLotz Securities" means the securities of CarLotz.

(j)     "Claim" means a Claim Form submitted to the Claims Administrator.

(k)     "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(l)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(m)     "Claims Administrator" means the independent claims administrator selected by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(n)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(o)     "Complaint" means the Third Amended Consolidated Complaint for Violations of the Federal Securities Laws filed by Plaintiffs in the Action on May 1, 2023. ECF No. 90.

(p)     "Court" means the United States District Court for the Southern District of New York.

(q)    "Defendants" means the CarLotz Defendants and the Acamar Defendants.

(r)    "Defendants' Counsel" means Freshfields US LLP and Keller Benvenutti Kim.

(s)    "Defendants' Releasees" means: (i) the Individual Defendants; (ii) the Trust, (iii) all of the other Acamar Defendants; (iv) all of the other CarLotz Defendants; (v) for each of the foregoing, their respective attorneys, accountants, assigns, assignees, insurers, reinsurers, consultants, agents, experts, and any entity in which any Defendant has or had a controlling interest, in their capacities as such; (vi) for each the foregoing who is a natural person, their respective Immediate Family members, heirs, executors, beneficiaries, and any trust of which any Individual Defendant is the grantor or settlor or which is for the benefit of any Individual Defendant and/or member(s) of his or her Immediate Family, in their capacities as such; and (vii) for each of the foregoing who is not a natural person, their respective current and former officers, directors, agents, trusts, trustees, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such. For the avoidance of doubt, Defendants' Releasees' includes Michael W. Bor, Thomas W. Stoltz, Luis Ignacio Solorzano Aizpuru, Rebecca Polak, Juan Carlos Torres Carretero, James E. Skinner, Domenico De Sole, and Teck H. Wong, and their respective Immediate Family members, heirs, executors, beneficiaries, and any trust of which any of them is the grantor or settlor or which is for their benefit and/or the benefit of member(s) of his or her Immediate Family, in their capacities as such.

(t)    "Effective Date" with respect to the Settlement means the first date by which all the events and conditions specified in ¶ 28 of this Stipulation have been met and have occurred or have been waived.

(u)    "Escrow Account" means an interest-bearing account maintained by the Escrow Agent.

(v)    "Escrow Agent" means Lead Counsel Kahn Swick & Foti, LLC.

(w)    "Exchange Act" means the Securities Exchange Act of 1934, 15 U.S.C. §§78a, *et seq.*

(x)    "Excluded Claims" means any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(y)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(z)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law,

and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(aa) "Individual Defendants" means defendants Michael W. Bor, Thomas W. Stoltz, and Luis Ignacio Solorzano Aizpuru.

(bb) "Individual Defendants' Counsel" means Freshfields US LLP.

(cc) "Insurance Policies" means (i) National Union Fire Insurance Company of Pittsburg, Pa. Policy No. 03-880-25-15; (ii) Berkley Insurance Company Policy No. BPR08060531; (iii) XL Specialty Insurance Company Policy No. ELU172891-21; (iv) RSUI Indemnity Company Policy No. NHS691663; (v) Allied World Assurance Company (U.S.) Inc. Policy No. 0312-7035; (vi) Continental Casualty Company Policy No. 65208273; (vii) Hudson Insurance Group Policy No. HN-0303-7088; (viii) Old Republic Insurance Company Policy No. ORPRO 12 100192; (ix) Ascot Insurance Company Policy No. MLXS2110000401-01; (x) Argonaut Insurance Company Policy No. MLX4262232-0; (xi) Chubb Bermuda Insurance Ltd. Policy No. 21684-001-A; (xii) National Union Fire Insurance Company of Pittsburg, Pa. Policy No. 03-880-20-28; (xiii) Berkley Professional Liability Policy No. BPRO8062772; (xiv) QBE Insurance Corporation Policy No. 100044435; and (xv) XL Specialty Insurance Company Policy No. ELU172892-21.

(dd) "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(ee) "Lead Counsel" means the law firm of Kahn Swick & Foti, LLC.

(ff) "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of

Plaintiff directly related to his representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(gg)   "Net Settlement Fund" means the balance of the Settlement Fund after payment of items (a) through (c) of ¶ 9 of this Stipulation.

(hh)   "Notice" means the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Settlement Class Members.

(ii)   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(jj)   "Parties" means the Individual Defendants and Plaintiff, on behalf of himself and the Settlement Class.

(kk)   "Plaintiff" means Lead Plaintiff David Berger, and "Plaintiffs" means Lead Plaintiff David Berger and Additional Plaintiff Craig Bailey.

(ll)   "Plaintiffs' Releasees" means Lead Plaintiff David Berger and Additional Plaintiff Craig Bailey, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, trusts, trustees, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

(mm) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(nn)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(oo)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(pp)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims, collectively.

(qq)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether accrued or unaccrued, whether asserted or unasserted, whether arising under federal, state, common or foreign law, or in equity, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. For the avoidance of doubt, "Released Claims" does not include claims to enforce the Settlement.

(rr)    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether accrued or unaccrued, whether asserted or unasserted, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, whether arising under federal, state, common or foreign law, or in equity, that Plaintiffs or any other

member of the Settlement Class asserted or could have asserted in the Complaint (or any other complaint in this Action) or could have asserted in any forum, and that directly or indirectly arise out of, relate to, or are based upon (a) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint (or any other complaint in this Action), including any offering, any statements, disclosures, or omissions during the Settlement Class Period in any of Acamar's or CarLotz's filings with the SEC or any other statements or releases, as well as the accuracy of Acamar's or CarLotz's financial statements during the Settlement Class Period, or (b) the purchase, acquisition, sale, disposition, or holding of Acamar and/or CarLotz Securities during the Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii); and any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court. For the avoidance of doubt, "Released Claims" does not include claims to enforce the Settlement.

(ss)    "Releasee(s)" means each and any of Defendants' Releasees and each and any of Plaintiffs' Releasees.

(tt)    "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(uu)    "Securities Act" means the Securities Act of 1933, 15 U.S.C. §§ 77a, *et seq.*

(vv)    "Settlement" means the settlement between Plaintiff and the Defendants on the terms and conditions set forth in this Stipulation.

(ww)    "Settlement Amount" means $13,000,000 in cash.

(xx)    "Settlement Class" means all persons and entities who or which purchased or otherwise acquired Acamar or CarLotz Securities between October 22, 2020, and May 26, 2021, inclusive and were damaged thereby, excluding Defendants, their Immediate Family members and

their legal representatives, heirs, successors, or assigns, and any entity in which they have or had

a controlling interest. Also excluded from the Settlement Class are those Persons who timely and

validly request exclusion from the Class.

(yy)   "Settlement Class Member" means each person and entity who or which is a

member of the Settlement Class.

(zz)   "Settlement Class Period" means the period between October 22, 2020, and

May 26, 2021, inclusive.

(aaa)   "Settlement Fund" means the Settlement Amount plus any and all interest

earned thereon.

(bbb)   "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2)

of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ccc)   "Shift Debtors" means the debtors in the Shift Debtors' Bankruptcy Cases.

(ddd)  "Shift Debtors' Bankruptcy Cases" means: (i) *Shift Technologies, Inc.* (Case

No. 23-30687 (Bankr. N.D. Cal.)); (ii) *Shift Platform, Inc.* (Case No. 30688 (Bankr. N.D. Cal.));

(iii) *Shift Finance, LLC* (Case No. 30689 (Bankr. N.D. Cal.)); (iv) *Shift Operations LLC* (Case No.

30690 (Bankr. N.D. Cal.)); (v) *Shift Transportation LLC* (Case No. 30691 (Bankr. N.D. Cal.));

(vi) *Shift Insurance Services LLC* (Case No. 30692 (Bankr. N.D. Cal.)); (vii) *Shift Marketplace

Holdings, LLC* (Case No. 30693 (Bankr. N.D. Cal.)); (viii) *Shift Marketplace, LLC* (Case No.

30694 (Bankr. N.D. Cal.)); (ix) *Fair Dealer Services, LLC* (Case No. 30695 (Bankr. N.D. Cal.));

(x) *CarLotz, Inc., a Delaware Corporation* (Case No. 30697 (Bankr. N.D. Cal.)); (xi) *CarLotz

Group, Inc.* (Case No. 30698 (Bankr. N.D. Cal.)); (xii) *CarLotz Nevada, LLC* (Case No. 30699

(Bankr. N.D. Cal.)); (xiii) *CarLotz California, LLC* (Case No. 30700 (Bankr. N.D. Cal.)); (xiv)

*CarLotz, Inc., an Illinois Corporation* (Case No. 30701 (Bankr. N.D. Cal.)); (xv) *CarLotz*

*Logistics, LLC* (Case No. 30702 (Bankr. N.D. Cal.)); (xvi) *Orange Peel, LLC* (Case No. 30703 (Bankr. N.D. Cal.)); and (xvii) *Orange Grove Fleet Solutions, LLC* (Case No. 30704 (Bankr. N.D. Cal.)).

(eee) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(fff) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(ggg) "Term Sheet" means the Term Sheet executed by the Parties on December 6, 2024.

(hhh) "Trust" means the Shift Technologies Liquidating Trust, successor to the Shift Debtors.

(iii) "Unknown Claims" means any Released Plaintiffs' Claims which any Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and which, if known by him, her, or it, might have affected his, her, or its

decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, or of equity, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and the Individual Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## **CLASS CERTIFICATION**

2.    Solely for purposes of the Settlement and for no other purpose, Individual Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiff David Berger as Class Representative for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      Within seven (7) business days of execution of this Stipulation, Plaintiff will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Individual Defendants. Concurrently with the motion for preliminary approval, Plaintiff shall apply to the Court for, and Individual Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, their Immediate Family members, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Individual Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against the Individual Defendants and any of Defendants' Releasees. This release shall not apply to any Excluded Claim.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, the Individual Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment, or the Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against the Individual Defendants and the other Defendants' Releasees, the Individual Defendants' insurers shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than thirty (30) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Individual Defendants' Counsel's receipt from Lead Counsel of the information reasonably necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and address, ABA routing number, account name and number, and SWIFT code, as well as the name and phone number of an individual authorized to voice confirm the wiring instructions.

## USE OF SETTLEMENT FUND

9.     Subject to the terms of this Stipulation and any orders of the Court, the Settlement Fund shall be applied as follows:(a) to pay Notice and Administration Costs and/or all costs and expenses reasonably and actually incurred in connection with providing Notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Claims Forms, and pay escrow fees and costs, if any; (b) to pay Taxes; (c) to pay Lead Counsel's attorneys' fees and expenses, if and to the extent allowed by the Court (the "Fee and Expense Award"); and (d) after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation (including ¶¶ 20-26 below) and the Plan of Allocation and any other applicable order of the Court.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"); or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates. Defendants' Releasees shall not bear any responsibility for, or liability related to the investment of the Settlement Fund by the Escrow Agent.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Individual Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.    The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Individual Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.    Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Settlement Fund the actual costs of notice and settlement administration without further order of the Court. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Individual Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

15.    The Parties acknowledge that the Settlement Amount will be funded exclusively from the applicable Insurance Policies. The Individual Defendants shall have no responsibility to fund any portion of the Settlement Fund.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16.    Lead Counsel will apply to the Court for an award of attorneys' fees to Lead Counsel to be paid from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Plaintiff's costs and expenses directly related to his representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of

attorneys' fees and/or litigation expenses is not the subject of any agreement between Individual Defendants and Plaintiffs other than what is set forth in this Stipulation.

17.    Any attorneys' fees and litigation expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon final approval of the Settlement, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or litigation expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or litigation expenses has become Final. An award of attorneys' fees and/or litigation expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or litigation expenses.

18.    Individual Defendants and their insurance carriers shall have no responsibility for, and no liability with respect to, the allocation of any attorneys' fees or costs among any Lead Counsel or to any other person or any obligation of Lead Counsel to make appropriate refunds or repayments to the Settlement Fund or interest earned thereon. The attorneys' fees and litigation expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

19.    As part of the Preliminary Approval Order, Plaintiff shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to, the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiffs, any other Settlement Class Member or Lead Counsel in connection with the foregoing. Individual Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20.    Plaintiff shall file a motion requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") substantially in the form of Exhibit A-1 hereto, the Proof of Claim and Release (the "Claim Form") substantially in the form of Exhibit A-2 hereto, and the Summary Notice (the "Summary Notice") substantially in the form of Exhibit A-3 hereto, and the Postcard Notice (the "Postcard Notice") substantially in the form of Exhibit A-4 hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the request for attorneys' fees and litigation expenses, and the date of the Settlement Hearing (as defined below).

21.    Lead Counsel shall request the Court to schedule a hearing after notice is given (the "Settlement Hearing") at which hearing Plaintiff will seek final Court approval of the Settlement

and entry of the Judgment. At the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation. The form of Preliminary Approval Order submitted to the Court shall specifically include provisions that, among other things, will:

(a)    Preliminarily approve this Stipulation and the Settlement as fair, just, reasonable, and adequate;

(b)    Approve the form of the Notice to be posted on the Settlement website described in subparagraph (h) below and the Postcard Notice for mailing to Members of the Settlement Class for whom no email address is available, which shall direct Settlement Class Members to the Settlement website for Notice and Claim Form;

(c)    Approve the form of the Claim Form to be posted on the Settlement website described in subparagraph (h) below;

(d)    Approve the form of Summary Notice for publication and for emailing to Members of the Settlement Class for whom an email address is available, which shall direct Settlement Class Members to the Settlement website for Notice and Proof of Claim Form;

(e)    Direct Lead Counsel to cause to be mailed the Postcard Notice to those Persons in the Class who can be identified through reasonable effort (or for Settlement Class Members whose email addresses can reasonably be ascertained, emailed a link to the Settlement website containing the Notice and Proof of Claim) on or before the date specified in the Preliminary Approval Order;

(f)    Direct nominees who purchased or otherwise acquired securities of Acamar and/or CarLotz for the benefit of Settlement Class Members between October 22, 2020 and May 26, 2021, inclusive, to send the Postcard Notice to all such Settlement Class Members within ten (10) days after receipt of the Notice or send a list of the names, email address, and addresses of such beneficiaries to the Claims Administrator within ten (10) days of receipt of the Notice, and

authorize the Claims Administrator to reimburse such nominees at no more than the rates provided in the Notice for sending such information;

(g)     Direct Lead Counsel to cause the Summary Notice to be published twice in nationally distributed, business-focused newswires on or before the dates specified in the Preliminary Approval Order, and to place a copy of the Notice, Claim Form, Complaint, Stipulation (including Exhibits), and other Settlement-related documents on a Settlement-specific page of a website maintained by the Claims Administrator, on or before the date specified in the Preliminary Approval Order;

(h)     Provide that Settlement Class Members who wish to participate in the Settlement shall complete and file Claim Forms pursuant to the instructions contained therein, and provide the Claims Administrator with all requested documentation;

(i)     Find that the notice given pursuant to subparagraphs (c)-(h) above constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law;

(j)     Schedule the Settlement Hearing to be held by the Court to consider and determine whether the Settlement should be approved as fair, reasonable, and adequate, and whether the Judgment approving the Settlement should be entered;

(k)     Provide that any Settlement Class Member who so desires may exercise the right to exclude themselves from the Settlement but only if they comply with the requirements for so doing as set forth in the Notice;

(l)     Provide that at or after the Settlement Hearing, the Court shall determine whether the proposed Plan of Allocation should be approved;

(m)     Provide that at or after the Settlement Hearing, the Court shall determine and enter an Order regarding whether and in what amount attorneys' fees and reimbursement of expenses should be awarded to Lead Counsel out of the Settlement Fund;

(n)     Provide that pending final determination of whether the Settlement should be approved, neither Plaintiff nor any Settlement Class Member, whether directly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Defendants' Releasees;

(o)     Provide that any objections to: (i) the Settlement; (ii) entry of the Judgment approving the Settlement; (iii) the proposed Plan of Allocation; or (iv) Lead Counsel's fee and expense application(s), and any papers submitted in support of said objections, shall be considered by the Court at the Settlement Hearing only if, on or before the date specified in the Preliminary Approval Order, Persons making objections shall have filed and served written objections (which shall set forth each objection and the basis therefore) and copies of any papers in support of their position as set forth in the Notice; and

(p)     Provide that the Settlement Hearing may be continued or adjourned by Order of the Court without further notice to the Settlement Class.

22.     Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

23.    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

24.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

25.    No person or entity shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Plaintiffs and Individual Defendants, and their respective counsel, and Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims

Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

26.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

27.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Individual Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## **CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

28.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Individual Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)    Plaintiff has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

29.     Upon the occurrence of all of the events referenced in ¶ 28 above, any and all remaining interest or right of Individual Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

30.     If: (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Plaintiff exercises his right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Plaintiff and Defendants shall revert to their respective positions in the Action as of December 6, 2024.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 30, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Individual Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement

Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 18 above), less any Taxes paid, due or owing; shall be refunded by the Escrow Agent to the Individual Defendants' insurers (as referenced in ¶ 8 above). In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Individual Defendants (or such other persons or entities as Individual Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

31.    It is further stipulated and agreed that Plaintiff and Individual Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (f) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (d) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 30 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of litigation expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

32.     In addition to the grounds set forth in ¶ 31 above, Individual Defendants shall have the unilateral right to terminate the Settlement in the event that a certain portion of the Settlement Class timely and validly requesting exclusion from the Settlement Class in accordance with the terms and conditions set forth in Individual Defendants' confidential supplemental agreement with Plaintiff (the "Supplemental Agreement"). The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiff and Individual Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

33.     The Judgment shall contain a provision, substantially in the form set forth in Exhibit "B" hereto (the "Bar Order"), barring claims for contribution by or against the Defendants, to the fullest extent permitted by 15 U.S.C. §78u-4(f)(7) and any other applicable law or regulation. Nothing herein is intended to broaden the language of the PSLRA. The Judgment shall also contain a provision, substantially in the form set forth in Exhibit "B" hereto, requiring that any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order as defined herein be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (ii) the amount paid pursuant to this Settlement to the Settlement Class or Settlement Class Member for common damages.

34.     The Final Approval Order shall have the following language:

(a)    Bar Order: Upon the Effective Date, any and all claims for contribution, however denominated, arising out of or related in any way to the Action (a) by any person or entity against any Defendant or (b) by any Defendant against any person or entity, other than a person or entity whose liability to the Settlement Class has been extinguished pursuant to the Settlement, are permanently barred, enjoined and finally discharged to the fullest extent provided 15 U.S.C. § 78u4(f)(7) and any other applicable law or regulation (the "Bar Order").

(b)    Judgment Reduction: Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member for common damages.

35.    Immediately upon Court approval of the Settlement, all proofs of claim filed by Plaintiffs and/or Settlement Class Members against any of the Shift Debtors shall be deemed withdrawn. Omni Agent Solutions, Inc., the Shift Debtors' claims and noticing agent, shall be authorized to expunge any such proofs of claim from the official claims register of the Shift Debtors' Bankruptcy Cases.

## NO ADMISSION OF WRONGDOING

36.    Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

37.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

38.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Individual Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Plaintiff, Plaintiff and Individual Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Individual Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 30 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 30.

39.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Accordingly, Plaintiff and their counsel and Individual Defendants and their counsel agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendants in bad

faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure, or any state analogue thereof, relating to the institution, prosecution, defense, or settlement of the Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Jed Melnick, Esq., and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

40.    While retaining their right to deny that the claims asserted in the Action were meritorious, Individual Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Plaintiffs and their counsel and Individual Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

41.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Plaintiff and Individual Defendants (or their successors-in-interest).

42.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

43.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and litigation expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

44.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

45.     This Stipulation and its exhibits constitute the entire agreement among Plaintiff and Individual Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits other than those contained and memorialized in such documents.

46.     This Stipulation may be executed in one or more counterparts, including by signature transmitted by a .pdf/.tiff image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

47.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

48.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

49.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

50.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

51.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

52.    Lead Counsel and Individual Defendants' Counsel agree to cooperate fully with one another in seeking Court approval for the Settlement. Lead Counsel will provide Individual Defendants' Counsel with a draft of the preliminary approval briefs for their review prior to filing the motions for preliminary approval in the Court. Plaintiff and the Individual Defendants will cooperate to defend the Settlement against any objections filed in the Action.

53.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

> If to Plaintiff or Lead Counsel:    Kahn Swick & Foti
> Attn: Lewis S. Kahn
> 1100 Poydras Street, Suite 3200
> New Orleans, LA 70163
> Telephone: (504) 455-1400
> Email: lewis.kahn@ksfcounsel.com

> If to Individual Defendants:    Freshfields US LLP
> Attn: Mary Eaton
> 3 World Trade Center

175 Greenwich St.
New York, NY 10007
Telephone: (212) 277-4000
Email: mary.eaton@freshfields.com

54.    Except as otherwise provided herein, each Party shall bear its own costs.

55.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

56.    All agreements made and orders entered during the course of Action relating to the confidentiality of information shall survive this Settlement.

57.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

58.    Agreement by the Individual Defendants' insurers to fund the Settlement Amount does not constitute any waiver of the self-insured retention under Policy No. 03-880-25-15 issued by National Union Fire Insurance Company of Pittsburgh Pa. (the "Primary Policy") or the Advancement Provision in Section III.A (as amended by End. 43) of the Primary Policy; provided however that the Individual Defendants are not obligated to satisfy the self-insured retention.

## NOTICE AS REQUIRED BY CAFA

59.    Individual Defendants shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

Individual Defendants shall provide a copy of such notices as well as proof of service of such notices to Lead Counsel. In accordance with 28 U.S.C. § 1715(d), the Settlement Hearing shall not be held earlier than ninety (90) days after any such requisite notices are served. Individual Defendants shall bear all cost and expenses associated with providing CAFA notice.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 24, 2025.

<table>
<tr>
<td>

**KAHN SWICK & FOTI**
Kim E. Miller
250 Park Avenue, 7th Floor
New York, NY 10177
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
E-Mail: kim.miller@ksfcounsel.com

*Lead Counsel for Lead Plaintiff and the Settlement Class*

</td>
<td>

**FRESHFIELDS US LLP**
Mary Eaton
3 World Trade Center
175 Greenwich St.
New York, NY 10007
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
mary.eaton@freshfields.com

*Counsel for Defendants Michael Bor, Thomas Stoltz, and Luis Ignacio Solorzano Aizpuru*

</td>
</tr>
</table>

**KELLER BENVENUTTI KIM LLP**
Tobias S. Keller
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 796-0709
tkeller@kbkllp.com

*Counsel for Arch & Beam Global, LLC, as Trustee of the Shift Technologies Liquidating Trust, Successor to the Shift Debtors*