**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**IN RE CARLOTZ, INC. SECURITIES LITIGATION**
Case No. 1:21-cv-05906-AS (S.D.N.Y.)

**OBJECTORS' MOTION FOR CLARIFICATION OF STANDING AND FOR DOCKET CORRECTION NUNC PRO TUNC**

**Appellants/Objectors:**
**Xinbao Wang and Fen Wang**

**Appellees:**
**Lead Plaintiff, Lead Counsel, and Settling Defendants**

# I. INTRODUCTION

Objectors-Appellants Xinbao Wang and Fen Wang respectfully move for a narrow but critical clarification of their procedural status and for a *nunc pro tunc* correction of the docket.

This motion seeks only to:

1. **Confirm that Appellants were timely, proper objectors whose objections were explicitly acknowledged on the record and orally overruled at the June 10, 2025 Fairness Hearing, and**

2. **Direct the Clerk to correct the docket to reflect the receipt and disposition of those objections, ensuring that the appellate record is complete and accurate.**

This relief is compelled by a request from the United States Court of Appeals for the Second Circuit during the pending appeal. While Appellants fully complied with the Court-approved Notice of Settlement by timely mailing and serving written objections, those objections were never assigned a separate docket entry despite being clearly before the Court.

Further, despite Appellants' good-faith efforts to appear remotely at the June 10 hearing, Lead Counsel failed to provide dial-in or access instructions for the rescheduled hearing, and no such details were posted on the settlement website. Appellants were therefore

procedurally excluded from speaking, even though the Court acknowledged their objections by name before overruling them.

This motion does not reopen, disturb, or relitigate any substantive ruling of this Court. It simply ensures that the record on appeal truly reflects what occurred in the District Court so that the Second Circuit may properly exercise its jurisdiction.

## II. FACTUAL AND PROCEDURAL HISTORY

1. Timely Filing and Service of Objections

- Pursuant to the Notice of Proposed Settlement, Appellants timely mailed and served their written objection by the May 20, 2025 deadline, strictly following the Notice's instructions.

- USPS mailing receipts and photographs confirm service on:
  (a) the Clerk of this Court,
  (b) Lead Counsel for the Settlement Class, and
  (c) Counsel for Defendants.

2. Attempted Participation at the Fairness Hearing

- Prior to the Fairness Hearing, Appellants telephoned Lead Counsel to confirm their intent to participate remotely as permitted by the Court.

- After the hearing was rescheduled for June 10, 2025, no dial-in instructions, remote access information, or location details for the rescheduled hearing were ever provided to Appellants, nor were they posted on the official settlement website.

- As a direct result of this lack of notice, Appellants were unable to connect to the remote line and were effectively excluded from speaking at the hearing.

3. Fairness Hearing and Oral Acknowledgment of Objections

- On June 10, 2025, the Court held the Fairness Hearing. On the record, the Court expressly acknowledged Appellants by name:

*"Now, we do have two objections, and I understand that the objectors, Fen Wang and Xinbao Wang, had requested to join this hearing remotely. We have a remote line open, but my understanding is that they are not on the remote line."*

- The Court then stated its intent to overrule the two objections and grant final approval of the Settlement, attorneys' fees, and service awards.

4. Final Approval Order

- On July 7, 2025, the Court entered its Final Approval Order, granting settlement approval and overruling all objections.

- However, the written order did not list Appellants by name, nor was their written objection ever assigned a separate docket entry, despite the Court's oral acknowledgment of its existence and its disposition.

5. Notice of Appeal and Appellate Inquiry

- Appellants timely filed a Notice of Appeal on July 16, 2025.

- Upon transmittal of the record, the Second Circuit requested clarification because the docket did not reflect a standalone objection filing, creating ambiguity regarding Appellants' standing.

### III. LEGAL STANDARD

1. Standing of Objectors

   - Under Devlin v. Scardelletti, 536 U.S. 1, 7–10 (2002), a class member who timely objects to a class action settlement is deemed a party of record for purposes of appeal and need not formally intervene.

2. District Court Authority to Correct the Record

   - Federal Rule of Appellate Procedure 10(e)(2) authorizes the District Court to correct or supplement the record so that it "truly discloses what occurred in the district court."

3. Clerical Omissions May Be Corrected Nunc Pro Tunc

   - Courts routinely issue *nunc pro tunc* orders to cure clerical or docketing omissions to ensure the record aligns with reality. *United States v. Berenguer*, 821 F.2d 19, 21 (1st Cir. 1987).

4. Procedural Exclusion Does Not Defeat Standing

   - Where procedural deficiencies prevent an objector from fully participating, due process principles protect their status as an objector. *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 173 (3d Cir. 2005).

**IV. ARGUMENT**

A. Appellants Were Timely, Properly Recognized Objectors

- Appellants strictly complied with all objection procedures:
    - They mailed and served their objections by May 20, 2025,
    - Served all required parties, and
    - Confirmed their intent to participate in the hearing.
- The Court explicitly acknowledged their objections by name during the June 10 Fairness Hearing, and the objections were considered and overruled on the record.
- Under Devlin, Appellants are parties of record with standing to appeal.

B. Procedural Exclusion from Speaking at the Hearing Was Beyond Appellants' Control

- The inability to appear remotely was not voluntary. It was the direct result of Lead Counsel's failure to provide updated dial-in instructions or access information for the rescheduled hearing, combined with the lack of any notice posted on the settlement website.
- Such procedural exclusion does not nullify standing; rather, it highlights why due process requires recognition of their objection. *Diet Drugs*, 401 F.3d at 173.

C. The Lack of a Docket Entry Is a Purely Clerical Oversight

- The failure to assign a separate docket entry for Appellants' written objection is a ministerial omission that does not alter the fact that the objection:
    - Was timely filed and served,
    - Was acknowledged on the record, and
    - Was substantively overruled in open court.
- A *nunc pro tunc* correction is appropriate to ensure the appellate record accurately reflects what occurred in this Court.

D. Clarification Will Aid the Second Circuit and Avoid Unnecessary Delay

- The Second Circuit expressly requested clarification because of this ambiguity.

- By correcting the record now, this Court will eliminate any procedural confusion, prevent unnecessary remand, and allow the appellate process to move forward efficiently.

- No party will be prejudiced, as this motion seeks only a ministerial correction of the record, not to reopen or alter the Final Approval Order.

**V. REQUESTED RELIEF**

For these reasons, Appellants respectfully request that the Court enter an order:

1. Clarifying that Appellants Xinbao Wang and Fen Wang were timely and proper objectors recognized by the Court, whose objections were expressly acknowledged by name and overruled during the June 10, 2025 Fairness Hearing, notwithstanding their inability to participate orally due to the lack of updated remote access information for the rescheduled hearing;

2. Directing the Clerk to docket Appellants' written objection *nunc pro tunc* as of the date it was received, or alternatively, annotate the docket to reflect that the objection was timely served, acknowledged on the record, and orally disposed of on June 10, 2025; and

3. Directing that this clarification be transmitted to the United States Court of Appeals for the Second Circuit as a supplemental record pursuant to Fed. R. App. P. 10(e).

**VI. CONCLUSION**

This motion is narrow, procedural, and entirely consistent with the Court's prior rulings. It seeks only to ensure that the appellate record faithfully reflects the true course of proceedings, as required by Rule 10(e).

The objections were timely filed, served, acknowledged, and overruled. The only omission is the lack of a docket entry, a clerical issue that this Court has the inherent authority to correct.

Accordingly, Appellants respectfully request that the Court grant this motion in full.

Dated: July 24, 2025

`Case 1:21-cv-05906-AS  Document 221  Filed 08/06/25  Page 6 of 7`

Respectfully submitted,

/s/Xinbao Wang

**XINBAO WANG**

1404 N Thayer Ave

Ellensburg, WA 98926

5099293720

synbaxp6@gmail.com

/s/Fen Wang

**FEN WANG**

1404 N Thayer Ave

Ellensburg, WA 98926

5098596114

vinnowang@gmail.com

**Objectors, Pro Se**

---

The motion is GRANTED insofar as the docket has been updated to reflect that Fen and Xinbao Wang were objectors. Their timely objections are docketed at Dkt. 186-1 and 186-2. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 209.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 6, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 24, 2025**, I submitted the foregoing **Objectors' Motion for Clarification of Standing and Nunc Pro Tunc Docket Correction** to the Pro Se Intake Unit of the United States District Court for the Southern District of New York by email to **ProSe@nysd.uscourts.gov**. I understand that upon docketing, notice will be automatically provided to all counsel of record via the Court's CM/ECF system.

Dated: July 24, 2025

/s/ Xinbao Wang
XINBAO WANG, Pro Se

/s/ Fen Wang
FEN WANG, Pro Se