**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**IN RE CARLOTZ, INC. SECURITIES LITIGATION**
Case No. 1:21-cv-05906-AS (S.D.N.Y.)

**OBJECTORS' RULE 60(b) MOTION TO VACATE FINAL JUDGMENT, REQUEST FOR INDICATIVE RULING UNDER FRCP 62.1, AND ALTERNATIVE REQUEST TO STAY SETTLEMENT DISTRIBUTION**

TO THE HONORABLE JUDGE ARUN SUBRAMANIAN:

Settlement Class Members **Xinbao Wang and Fen Wang** ("Objectors"), appearing pro se, respectfully move pursuant to **Federal Rule of Civil Procedure 60(b)(1), (3), and (6)** to vacate the **Final Judgment and Order of Dismissal with Prejudice** entered on **July 7, 2025 (Dkt. 205)** and the **Order entered on June 11, 2025** overruling objections and granting final approval of the settlement and attorneys' fees (**Dkt. 189**).

Simultaneously with this motion, Objectors have filed a **Notice of Appeal to the United States Court of Appeals for the Second Circuit** from the same rulings. This Rule 60(b) motion is filed:

1. **To preserve Objectors' constitutional due process rights and create a complete record for appellate review**, including potential review by the United States Supreme Court; and

2. To allow this Court, even while the appeal is pending, to either:

    o **Grant Rule 60(b) relief outright**, or

    o **Issue an indicative ruling under FRCP 62.1 stating that it would grant relief if the Second Circuit remands jurisdiction for that purpose.**

This dual filing procedure is expressly contemplated by **Federal Rule of Appellate Procedure 4(a)(4)** and **FRCP 62.1**.

**I. PROCEDURAL BACKGROUND**

- **June 10, 2025** – The Court held the fairness hearing. Objectors, despite timely objections, were **denied reliable notice and meaningful access**, preventing real-time participation.
- **July 7, 2025** – The Court entered Final Judgment approving the settlement, Plan of Allocation, attorneys' fees, and broad insider releases (Dkt. 205).
- **Post-Judgment Supplemental Hearing** – After Objectors raised due process concerns, the Court allowed limited post-judgment remarks but declined to vacate or modify the Final Judgment.

Objectors now seek **Rule 60(b) relief** based on the same **due process violations, misrepresentations, and inadequate fairness findings** that remain uncorrected.

## II. LEGAL BASIS FOR RELIEF

Rule 60(b) allows relief from a final judgment for:

- **(1)** mistake or procedural unfairness depriving a party of a fair opportunity to be heard;
- **(3)** fraud, misrepresentation, or misconduct by an opposing party;
- **(6)** any other extraordinary circumstances justifying relief.

### A. Fundamental Due Process Violations

Objectors were effectively **excluded from the key fairness hearing**, violating their constitutional right to notice and an opportunity to be heard before judgment. Post-judgment participation at the supplemental hearing did not cure the prejudice because the judgment had **already been entered**, rendering objections meaningless. See **Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)** (due process requires notice and meaningful opportunity to be heard).

### B. Misrepresentations by Lead Counsel

Lead Counsel made **unsubstantiated claims** (e.g., "over 50,000 claims filed") and **concealed material facts** about intra-class conflicts and insider liability releases. Misrepresentation that materially affects a court's decision warrants relief. See **Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988)**.

### C. Inadequate Rule 23(e)(2) Fairness Findings

The Final Judgment contains only **conclusory fairness language**, failing to rigorously analyze:

- Disparate treatment of short-term vs. long-term investors;
- Justification for releasing insider liability claims without adequate consideration;
- Disproportionate attorneys' fees under **Goldberger v. Integrated Resources, Inc., 209 F.3d 43 (2d Cir. 2000)**.

This lack of substantive findings raises important questions of **federal procedural law under Rule 23(e)** that may warrant Supreme Court review.

### III. SUPPLEMENTAL HEARING DID NOT CURE DEFECTS

Although the Court permitted limited **post-judgment remarks**, the supplemental hearing did not address:

- The **procedural exclusion** from the original hearing;
- The **false or unsupported record** relied upon in approving the settlement;
- The **lack of detailed Rule 23(e) findings** required by law.

Therefore, the same **fundamental unfairness persists**, warranting vacatur or modification.

### IV. EFFECT OF SIMULTANEOUS NOTICE OF APPEAL

Objectors have filed a **Notice of Appeal** contemporaneously with this motion to comply with the strict appellate deadline.

However, under **FRCP 62.1**, while an appeal is pending this Court may:

1. Grant the motion,
2. Deny the motion, or
3. State that it would grant the motion if the Court of Appeals remands for that purpose.

If this Court agrees that Rule 60(b) relief is warranted but believes it lacks jurisdiction due to the pending appeal, Objectors respectfully request an **indicative ruling** so they can promptly request a **limited remand** from the Second Circuit.

This preserves **all constitutional and procedural issues for possible Supreme Court review**.

### V. ALTERNATIVE RELIEF – STAY OF SETTLEMENT DISTRIBUTION

Even if this Court declines to immediately vacate or modify the Final Judgment, Objectors respectfully request that the Court **stay distribution of the settlement funds** pending resolution of this Rule 60(b) motion and the related appeal.

A stay is warranted under **FRCP 62** and **Federal Rule of Appellate Procedure 8**, because:

1. **Likelihood of Success on the Merits** – Objectors' appeal raises **substantial due process questions and Rule 23(e) compliance issues** that merit Second Circuit review and potentially Supreme Court consideration.

2. **Irreparable Harm Without a Stay** – Once the settlement funds are distributed, Objectors' rights will be **irreversibly prejudiced**, and any appellate relief would be **rendered moot**. Courts have repeatedly recognized that distribution of settlement proceeds creates irreparable harm during an active appeal. See **In re NASDAQ Mkt.-Makers Antitrust Litig., 184 F.R.D. 506, 511 (S.D.N.Y. 1999)**.

3. **No Substantial Harm to Other Parties** – A temporary pause on distribution causes minimal delay to other class members while ensuring that any appellate ruling remains meaningful.

4. **Public Interest Supports a Stay** – Public confidence in the class action process requires that objectors with valid due process concerns be **heard meaningfully before irreversible settlement distributions occur**.

### VI. REQUESTED RELIEF

Objectors respectfully request that the Court:

1. Vacate the Final Judgment (Dkt. 205) and June 11 Order (Dkt. 189) and reopen the settlement proceedings;

2. Alternatively, modify the judgment to:
    - Exclude insider liability releases,
    - Reduce attorneys' fees to a reasonable percentage consistent with **Goldberger**, and

- - Revise the Plan of Allocation to **equitably protect long-term investors**;

3. If the Court determines it lacks authority to grant relief while the appeal is pending, issue an **indicative ruling** under FRCP 62.1 stating that it would grant this motion upon remand;

4. **Stay settlement fund distribution** pending resolution of this motion and the related appeal;

5. At minimum, issue a **written order denying this motion**, thereby preserving all issues for appellate review and potential Supreme Court review.

## VII. CONCLUSION

The supplemental hearing did not cure the original **due process violations, misrepresentations, or inadequate Rule 23(e) findings.** The Final Judgment remains **fundamentally flawed** under federal law.

Objectors respectfully ask this Court to grant this motion, or at least **indicate that it would grant relief if jurisdiction were restored by the Court of Appeals**, thereby preserving all rights for **further appellate and Supreme Court review**.

**Dated:** July 16, 2025

Respectfully submitted,

/s/Xinbao Wang

XINBAO WANG

1404 N Thayer Ave

Ellensburg, WA 98926

5099293720

synbaxp6@gmail.com

/s/Fen Wang

FEN WANG

1404 N Thayer Ave

Ellensburg, WA 98926

5098596114

vinnowang@gmail.com

**Objectors, Pro Se**

For the reasons stated in plaintiff's opposition, Dkt. 210, the motion is DENIED. The Court notes that the Wangs chose not to appear in person for the settlement fairness hearing scheduled for June 10, 2025. That day, they requested through plaintiff's counsel a telephonic line so that they could attend remotely. The Court was under no obligation to set up this line, *see In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 266 (2d Cir. 2011) (Straub., J., concurring) ("The District Court's requirement that objectors appear in person or through counsel at the fairness hearing does not rise to the level of a due process violation."), but the Court set up a remote line and asked counsel to communicate that information to the Wangs. Through an inadvertent error on counsel's part, the information was not communicated to the Wangs. Once this became clear, the Court set up a supplemental hearing to give the Wangs further opportunity to air their objections to the settlement. The Court entered judgment in this case after that supplemental hearing. In sum, the Wangs were provided with the "minimal procedural due process protection[s]" they are due in this context. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985). The Clerk of Court is respectfully directed to terminate the motion at ECF No. 206.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 6, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 16, 2025**, I submitted the foregoing **Notice of Appeal** to the Pro Se Intake Unit of the United States District Court for the Southern District of New York by email to **ProSe@nysd.uscourts.gov**. I understand that upon docketing, notice will be automatically provided to all counsel of record via the Court's CM/ECF system.

Dated: Julu 16, 2025

/s/ Xinbao Wang
XINBAO WANG, Pro Se

/s/ Fen Wang
FEN WANG, Pro Se