UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**IN RE CARLOTZ, INC. SECURITIES LITIGATION**
Case No. 1:21-cv-05906-AS (S.D.N.Y.)

Hon. Arun Subramanian

**Post-Judgment Motion to Correct the Record and Clarify Due Process Objections Under Rule 60(a) and the Court's Inherent Authority**

Respectfully, the Court's assertion that "the Wangs chose not to appear in person for the settlement fairness hearing scheduled for June 10, 2025," and the conclusion that they were afforded the "minimal procedural due process protections" they are due, are both **factually erroneous** and **legally unsustainable** under well-established principles of constitutional law and Federal Rule of Civil Procedure 23.

### 1. The Record Establishes That the Wangs Did Not "Choose" to Miss the Hearing—They Were Excluded by Procedural Failures

The Court's finding that the Wangs "chose" not to appear is premised on a **misapprehension of the factual record**. The Objectors made proactive efforts to participate in the June 10, 2025 Fairness Hearing. However, their ability to do so was **frustrated by inadequate notice and lack of access information** following the Court's June 5, 2025 Order rescheduling the hearing from 1:00 PM to 5:00 PM EST.

Specifically:

- The updated notice posted on the case website failed to include **any dial-in number, videoconference link, or courtroom location**, which are essential elements of meaningful access;

- The Wangs, having filed timely and formal objections, were not given individualized access instructions;

- Attempts to obtain this information from Lead Counsel were unacknowledged or unfulfilled.

Under these circumstances, it is **demonstrably false** to characterize the Wangs' non-appearance as a voluntary decision. It was, in fact, the result of **procedural exclusion**—not personal choice.

## 2. Due Process Requires More Than Formal Notice—It Requires a Meaningful Opportunity to Be Heard

The Supreme Court has long held that procedural due process under the Fifth Amendment requires, at a minimum, **notice and a meaningful opportunity to be heard**. See:

- *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)
- *Mathews v. Eldridge*, 424 U.S. 319 (1976)
- *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)

These standards are codified in Rule 23(e), which mandates that objecting class members must be given a fair opportunity to present their views at the settlement hearing.

In this case:

- Notice of the rescheduled hearing lacked essential participation details;
- The Court did not provide alternate means for objectors to participate after the time change;
- No supplemental notice or procedural safeguard was offered to cure this exclusion.

Accordingly, the **Wangs were denied a meaningful opportunity to be heard**, which falls well below the **minimum threshold** of due process protection required in class action proceedings.

## 3. Procedural Due Process Is Violated When Class Members Are Excluded and Then Misrepresented

The constitutional violation is further aggravated by the fact that the Court's misstatement—"the Wangs chose not to appear"—was made **in open court** and reflected in the **final judgment**, which:

- Mischaracterized objectors' conduct;
- Undermined the credibility of their objections;
- Functionally penalized them for a procedural failure not of their making.

This denial of access coupled with a public misrepresentation of their intentions is the precise kind of **"appearance of fairness" violation** that renders class action judgments vulnerable under Rule 60(b)(1), (3), and (6).

### 4. Courts Have an Affirmative Duty to Ensure Class Proceedings Comply With Due Process

The burden to ensure class members are adequately notified and meaningfully included in settlement approval proceedings rests with the Court and Lead Counsel. As stated in *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 114 (2d Cir. 2005), courts must ensure that absent class members "have an opportunity to present their objections" and that the process complies with Rule 23 and due process.

The procedural structure here failed:

- It excluded objectors at a critical stage;
- Then mischaracterized them as willfully absent;
- Then used that absence to discount or overrule their substantive objections.

This sequence falls short of the "minimal procedural due process protections" required under *Mullane*, *Shutts*, and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999).

### Conclusion

For these reasons, the record must be corrected. The Wangs did **not** choose to skip the hearing; they were **excluded** by procedural deficiencies. Consequently, they were **not** afforded even the **minimum due process protections** to which they were entitled. This error, both factual and legal, materially affected the outcome and warrants vacatur or amendment under Rule 60(b), or reversal on appeal.

Dated: August 7, 2025

Respectfully submitted,

/s/Xinbao Wang
XINBAO WANG
1404 N Thayer Ave
Ellensburg, WA 98926

5099293720

synbaxp6@gmail.com

/s/Fen Wang

FEN WANG

1404 N Thayer Ave

Ellensburg, WA 98926

5098596114

vinnowang@gmail.com

**Objectors, Pro Se**

The motion is denied. The Wangs are free to advance their arguments on appeal. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 225.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 19, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 7, 2025**, I submitted the foregoing **Post-Judgment Motion to Correct the Record and Clarify Due Process Objections Under Rule 60(a) and the Court's Inherent Authority** to the Pro Se Intake Unit of the United States District Court for the Southern District of New York by email to **ProSe@nysd.uscourts.gov**. I understand that upon docketing, notice will be automatically provided to all counsel of record via the Court's CM/ECF system.

Dated: August 7, 2025

/s/ Xinbao Wang
XINBAO WANG, Pro Se

/s/ Fen Wang
FEN WANG, Pro Se