UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Carlotz, Inc. Securities Litigation | Lead case: 21-cv-5906 (AS) <br><br> OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

Class counsel in a class action under Federal Rule of Civil Procedure 23 are charged with serving all members of the class at all times during litigation, including during settlement. To ensure that counsel follows that mandate, the rule requires the Court to hold a hearing to find that a settlement is "fair, reasonable, and adequate" and allows members of the class to object to any settlement. Fed. R. Civ. P. 23(e)(2), (5). In this case, the Court approved a settlement, and issued a final judgment over the objections of Xinbao Wang and Fen Wang ("the objectors"). Dkt. 205.

Proceeding pro se, the objectors have filed notice that they intend to appeal the Court's denial of their objections to the Second Circuit. Dkt. 207. In response, plaintiffs have asked this Court to impose an appeal bond of $22,500. Dkt. 227; Fed. R. App. P. 7. For the reasons below, plaintiffs' motion is DENIED.

## LEGAL STANDARDS

District courts may require appellants to file a bond to ensure payment of costs on appeal. Fed. R. App. P. 7. "The purpose of the rule is 'to protect the appellee from the risk of nonpayment by the appellant, if the appellee wins the appeal.'" *Stillman v. InService America Inc.*, 838 F. Supp. 2d 138, 139 (S.D.N.Y. 2011) (citation omitted). The power to impose a bond is left to "the discretion of the district court." *Asdani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998).

## DISCUSSION

### I. Plaintiffs have not shown that the factors favor a bond

The rule does not specify the criteria district courts are to consider. Fed. R. App. P. 7. Courts have considered factors including "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct." *Stillman*, 838 F. Supp. 2d at 140 (citation omitted). The Court finds that they are, at best, mixed. Two factors, including one courts find most important, favor the objectors. And more fundamentally, the bond

appears to be a tool to force objectors to drop the appeal, rather than to ensure payment of appellate costs.

### A. The objectors have the financial ability to post a bond

The first factor favors plaintiffs. The objectors have a combined monthly income of more than $24,000. Dkt. 214 at 2, 215 at 2. In addition, they have a six-figure checking account balance, and more than $100,000 in assets even excluding their primary residence. Dkt. 214 at 2–3, 215 at 2–3. While the Court does not doubt the bond would be a significant financial outlay if the Court ordered it, it does not appear that it is outside of the objectors' ability to pay.

### B. Plaintiffs have not shown a risk that objectors will not pay

The second factor favors objectors. As plaintiffs note, this factor is viewed by courts as "perhaps the most important." Plaintiffs have not shown a risk that objectors will not pay any order of costs from the Second Circuit.

A significant factor in determining the risk of nonpayment is the geographic dispersion of appellants. *In re Petrobras Sec. Litig.*, 2018 WL 4621211, at *11 (S.D.N.Y Sept. 21, 2018)) ("[A]ppellants are located in different jurisdictions, which would require Class Plaintiffs to institute multiple collection actions to recover their costs. Courts have found that such geographic dispersion increases the risk of nonpayment."). As objectors are married to one another and live at the same address, objectors are not geographically dispersed under any definition.

Plaintiffs argue that because the objectors reside in the state of Washington and lead counsel has no office in the state and is based in New York, collecting costs "will pose a difficulty." Dkt. 228 at 9 (citation omitted). The Court is not convinced. For one thing, it is not clear that the objectors should be penalized because of where plaintiffs' counsel has chosen to open offices. And secondly, the Court is unconvinced that objectors' residence in a different state would make collection particularly difficult—plaintiffs have not shown any risk that the Washington courts will refuse to execute a judgment from the Second Circuit ordering costs to be paid. Further, objectors appear to have significant liquid domestic assets from which a judgment could be paid, with more than $100,000 in cash in a checking account.

### C. The objections are unlikely to succeed on appeal

The third factor favors plaintiffs. As the Court has rejected objectors' arguments on the merits several times, *see* Dkts. 196, 205, 233, it is not necessary to rehash them again. The Court does not believe that objectors' arguments present a close question. As a result, the Court believes that objectors are unlikely to succeed on the merits on appeal.

### D. The objectors have not shown bad faith or vexatious conduct

The final factor favors objectors. Although it is true that the objectors have raised the same arguments more than once, the Court does not conclude that it is the product of bad faith or vexatious conduct. As objectors are proceeding pro se, and plaintiffs have not shown that they have

made any similar filings in any other case, the objectors' filings do not rise to the level of bad faith or vexatious conduct.

### E. The bond appears to be sought to pressure objectors to drop the appeal

Although not explicitly part of the *Stillman* factors, the Court observes that plaintiffs do not appear to be seeking a bond "to protect the appellee from the risk of nonpayment." *Stillman*, 838 F. Supp. 2d at 139. With a pending $13 million settlement, Dkt. 176 at 5, it seems unlikely that plaintiffs would submit multiple briefs, an attorney's declaration, and a proposed order, Dkts. 228, 229, 230, 235, out of a worry about nonpayment of $22,500 in appeal costs. Instead, the motion gives the appearance that the bond is being sought to coerce objectors into dropping their appeal to expedite payment to plaintiffs (and their attorneys). While it is understandable for plaintiffs to wish to expedite proceedings and payment, a bond is intended to ensure payment, not to coerce a party to drop an appeal.

Taken together, the *Stillman* factors are mixed, at best, with the "most important" factor favoring objectors' opposition to bond. In conjunction with the fact that the motion does not appear to be motivated by an attempt to ensure payment of costs, but rather to coerce a party to drop an appeal, the Court exercises its discretion to decline to require an appeal bond.

## CONCLUSION

Plaintiffs' motion for an appeal bond, Dkt. 227, is DENIED.

The Clerk of Court is directed to terminate Dkt. 227.

SO ORDERED.

Dated: October 8, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

3